UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT PAUL                                    CIVIL ACTION

VERSUS                                         NUMBER: 11-3196

NEW ORLEANS SHERIFF                            SECTION: "N"(5)
THROUGH THE NEW ORLEANS
PARISH SHERIFF'S DEPT.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Albert Paul, against defendant, Marlin N. Gusman, Sheriff of the Parish of Orleans.

Plaintiff Paul is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, following his February 18, 1986 conviction for second degree murder and his consequent life imprisonment without benefit of parole, probation, or suspension of sentence. See Paul v. Cain, 08-CV-1254 "R"(6), rec. doc. 7, pp. 1-2. Although his present complaint is not a model of clarity, he appears to allege that his transfer to LSP from the Orleans Parish Prison, where he was

apparently incarcerated during his trial until some time after his sentencing, was an improper "interstate" transfer as it was accomplished without properly certified accompanying documents. For this allegedly improper transfer, plaintiff seeks declaratory and injunctive relief.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claim in the instant case falters for a variety of reasons. First, as he was only moved from one penal institution in Louisiana to another without crossing any state lines, plaintiff's transfer cannot be characterized as "interstate" as that term is commonly understood. Second, decisions respecting the classification and housing of inmates are entrusted to prison officials in the first instance. See Hernandez v. Velasquez, 522

F.3d 556, 562 (5th Cir. 2008)(quoting Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) and McCord v. Maggio, 910 F.2d 1248, 1251 (5th Cir. 1990)).  Third, the transfer of which plaintiff complains occurred no later than April of 1997 as LSP was his address of record when he initiated the first of his four habeas corpus proceedings in this court.  See Paul v. Cain, 97-CV-1160 "R"(6).[1] As such, any complaint Paul may have had regarding the validity of the transfer is clearly prescribed.  Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989).  And fourth, the Court notes that Sheriff Gusman was not elected into office until 2004, well after the institutional transfer of plaintiff occurred.  See www.opcso.org. There was thus no personal involvement on the Sheriff's part concerning the matters of which plaintiff complains herein, an essential element to a cause of action under §1983.  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  For all these reasons, it will be recommended that plaintiff's complaint be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

---

[1] Just as it is now, LSP was plaintiff's address of record in his other three habeas proceedings here.  Paul v. Cain, 08-CV-1254 "R"(6); Paul v. Cain, 07-CV-1446 "R"(6); Paul v. Cain, 00-CV-1824 "R"(6).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 11th day of January, 2012.

                                         _____
                                                   ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE